PER CURIAM.
After jury trial appellant was found guilty on two counts of bribery, one count in violation of Section 838.01, Florida Statutes (1973), and the other count in violation of Section 838.015, Florida Statutes (1975), both of which are third-degree felonies. He was sentenced to a ten-year term of imprisonment with credit for time served in jail awaiting trial.
The points relied upon by appellant for reversal have been carefully considered in the light of the record and briefs, and we hold no reversible error has been made to appear. It is necessary, however, for the case to be remanded to the trial court for correction of appellant’s sentence. It is apparent from our reading of the colloquy at the sentencing hearing that the trial court intended to impose the maximum sentence available, i. e., five-year consecutive sentences on the charged offenses[1] which, we submit, would have been proper. The judgment and sentence rendered in this case shows that the trial court did not carry out his expressed intention, but imposed a single general sentence, which is improper. Darden v. State, 306 So.2d 581 (Fla.2d DCA 1975). See also Darden v. State, 330 So.2d 750 (Fla.2d DCA 1976).
Therefore, the convictions are affirmed, but the general sentence is vacated. The case is remanded for resentencing in order that the judgment and sentence may reflect the imposition of sentence announced by the trial court in open court. It is not necessary that appellant be present in court for this purpose.
BOARDMAN, C. J., and GRIMES and OTT, JJ., concur.

. Sec. 775.082(3)(d), Fla.Stat. (1975) provides that the maximum prison sentence for a third degree felony is five years.